IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-52,828-03






EX PARTE RANDY PAUL HAMPTON, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. F-2004-1082-E IN THE 367
TH JUDICIAL DISTRICT COURT


FROM DENTON COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession of a
controlled substance and sentenced to two years' imprisonment. 

 Applicant contends that he is being improperly held on a parole revocation warrant without
a revocation hearing, and that he has no new charges remaining unresolved at this time. Applicant
also alleges that he is entitled to street time credit for time spent on parole, and that his sentence
discharge date has passed. Therefore, Applicant argues that his continued confinement under the
parole revocation warrant is illegal.

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96 (Tex. Crim. App. 2000). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1997), the trial court is the appropriate forum for findings of fact. The trial court
may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). The trial court may also
order depositions, interrogatories or a hearing. In the appropriate case, the trial court may rely on
its personal recollection. 

 The trial court may order the Texas Board of Pardons and Paroles and/or the Texas
Department of Criminal Justice, Institutional Division to file an affidavit addressing whether
Applicant is in custody pursuant to a pre-revocation warrant issued on March 31, 2006, and if so,
whether he has received or waived a preliminary hearing or a revocation hearing. The affidavit
should also set out the dates of Applicant's release on parole and return to custody, and the amount
of time remaining on Applicant's sentence on both of those dates. The affidavit should indicate
whether Applicant has any past or present convictions which would render him ineligible for street
time credits under Tex. Gov't Code §§508.149(a) and 508.283. If Applicant is eligible to earn street
time credits, the affidavit should address whether Applicant is entitled to street time credits for his
latest period of release, and whether he is receiving such credits. Finally, the affidavit should
indicate whether Applicant has received any new convictions since his release on parole, and if so
whether he is currently serving sentences for any such convictions. 

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant is being held solely on the
basis of a parole revocation warrant, and if so, for how long he has been held without a preliminary
hearing and/or a revocation hearing. If Applicant has new charges, the court shall make findings as
to whether those charges are currently pending, or whether they have been disposed, and if so, when. 
The court shall also make findings as to whether Applicant is entitled to street time credit for the
period he was released on parole, and whether he would have discharged his sentence if the
revocation hearing were held at this time. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: September 13, 2006

Do not publish